# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOUIS C. KEYS,

      **Plaintiff,**

v.                                                                         Case No.20-CV-928

MICHAEL COLE, *et al.*,

      **Defendants.**

## ORDER

On January 4, 2021, the defendants filed a motion for summary judgment on the grounds that *pro se* plaintiff Louis C. Keys's case is barred by a previous settlement agreement. (ECF No. 15.) Keys had until February 4, 2021, to respond to the defendants' motion. When Keys did not respond by that date, on February 23, 2021, the court issued an order giving him until March 23, 2021, to file a response or explain why he is unable to do so. (ECF No. 25.)

The March 23, 2021 deadline has passed, and Keys still has not filed a response. As such, the court will construe the motion as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the ground that Keys's case is barred by a previous settlement agreement. Accordingly, the defendants' motion is granted.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 8th day of April, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

3

Case 2:20-cv-00928-WED   Filed 04/08/21   Page 3 of 3   Document 26